252

its, and the time and circumstances under which the gun is found.[8]

 Principally, Smith argues that he cannot be convicted of possession of a firearm in furtherance of the drug trafficking crime if the evidence is insufficient to establish that he was aware that the drug transaction was taking place. Because we find that the evidence is sufficient to support this knowledge element in connection with count one, we reject this argument.

Smith also argues that the evidence was insufficient to prove he actually possessed the firearm in furtherance of a drug trafficking offense. We are satisfied that a reasonable jury could conclude that Smith's firearm possession "further[ed], advance[ed], or help[ed] forward" the drug trafficking offense. Smith drove McKoy in his vehicle to the location of the sale. Next to Smith's right leg, between the driver's seat and center console, Smith had his large caliber, high capacity handgun fully loaded and readily accessible. Smith and his handgun were within arm's reach of the drugs while in the truck. At trial, Smith admitted to possessing the firearm, which was illegal because of his previous felony conviction for distribution of cocaine. Viewing all facts and inferences in the light most favorable to the verdict, we find sufficient evidence for the jury to conclude that Smith possessed the firearm in furtherance of the drug trafficking offense.

## IV.

A reasonable jury could conclude, based on the evidence presented at trial, that Smith aided and abetted the possession with the intent to distribute cocaine and possessed a firearm in furtherance of a drug trafficking crime. Smith admitted that he possessed the firearm as a convicted felon, and he does not challenge that conviction on appeal. We, therefore, affirm his conviction on all counts.

**AFFIRMED.**

## SECURITY & CONTINUITY SERVICES LIMITED (UK), Plaintiff–Appellee

v.

## SECURITY & CONTINUITY SERVICES LIMITED (US); Jimmy Brad Foreman, Defendants–Appellants.

No. 14–20194.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2014.

Jennifer Tatum Lee, Esq., Miguel Sergio Rodriguez, Taylor Dunham, L.L.P., Austin, TX, for Plaintiff–Appellee.

Dana Mark Campbell, William L. Foreman, Owens, Clary & Aiken, L.L.P., Dallas, TX, Steven W. West, Days & West, Atlanta, GA, for Defendants–Appellants.

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

---

8. *Id.* at 414–415.

PER CURIAM: *

AFFIRMED. *See* 5th Cir. R. 47.6.

UNITED STATES of America,
Plaintiff–Appellee

v.

Dennis Dagoberto PADILLA–GARCIA,
Defendant–Appellant.

No. 14–40664
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 22, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

Dennis Dagoberto Padilla–Garcia pleaded guilty to being illegally present in the United States following removal. The pro-

bation officer applied a 16–level crime of violence (COV) enhancement based on Padilla–Garcia's North Carolina conviction of conspiracy to commit robbery. Padilla–Garcia did not object to the enhancement, nor did he object to the probation officer's determination that he faced a maximum of 20 years of imprisonment. The district court sentenced Padilla–Garcia to a 46–month term of imprisonment.

Padilla–Garcia contends that the district court committed reversible plain error by applying the COV enhancement based on his North Carolina conviction of conspiracy to commit robbery, and he also contends that the district court plainly erred by treating the North Carolina conspiracy-to-commit-robbery conviction as an aggravated felony for purposes of 8 U.S.C. § 1326(b)(2). As to both of the claimed errors, the gravamen of Padilla–Garcia's argument is that, because proof of an overt act was not required under North Carolina law, his conspiracy conviction was not one for generic "conspiracy" within the meaning of U.S.S.G. § 2L1.2 or the relevant provisions of federal immigration statutes.

To establish plain error, Padilla–Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that an error was clear or obvious, "[a] defendant need not show that the specific factual and legal scenario has been addressed but must at least show error in the straightforward applications of case

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.